**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (SBN 181446)
SETH A. SAFIER (SBN 197427)
MARIE A. MCCRARY (SBN 262670)
100 Pine Street
San Francisco, CA 94114
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469
adam@gutridesafier.com
seth@gutridesafier.com
marie@gutridesafier.com

Attorneys for Plaintiff
Katherine Earley


**DELFINO MADDEN O'MALLEY
COYLE & KOEWLER LLP**
JENNIFER RANDLETT MADDEN (SBN 184905)
STEPHANIE C. OGREN (SBN 279354)
500 Capitol Mall, Suite 1550
Sacramento, CA  95814
Telephone:    (916) 661-5700
Facsimile:      (916) 661-5701
jmadden@delfinomadden.com
sogren@delfinomadden.com

Attorneys for Defendant
University of the Pacific

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE EARLEY,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF THE PACIFIC,<br><br>Defendant. | CASE NO.:  2:16-CV-01573-TLN-EFB<br><br>Complaint Filed:   7/11/16<br>Trial Date:  Not set<br><br>[~~PROPOSED~~] **JOINT STIPULATED PROTECTIVE ORDER** |

### 1. PURPOSES AND LIMITATIONS

Katherine Earley ("Plaintiff") and University of the Pacific ("Defendant") (collectively, the "Parties") understand that disclosure and discovery activity in this case are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be

warranted. Accordingly and pursuant to Civil Local Rule 141.1, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The types of information eligible for protection under this Order include:

(a)     Employee personnel information;

(b)     Investigative reports;

(c)     Witness statements;

(d)     Medical and psychiatric records;

(e)     Student records;

(f)     Student or employee complaints; and

(g)     Charges of misconduct.

The protections conferred by this Stipulation and Order cover not only Protected Material,

but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition,

hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of "CONFIDENTIAL" at any time. Unless a prompt challenge to a Designating Party's "CONFIDENTIAL" designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a "CONFIDENTIAL" designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to "CONFIDENTIAL" is being made in accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the "CONFIDENTIAL" designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the

challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 251 within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the "CONFIDENTIAL" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a "CONFIDENTIAL" designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Frivolous designations, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions. Unless the Designating Party has waived the "CONFIDENTIAL" designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

{Joint Stipulated Protective Order.1}                                7

STIPULATION FOR AND [PROPOSED] PROTECTIVE ORDER

produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Plaintiff, when disclosure is reasonably necessary for this litigation;

(c)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the court and its personnel;

(f)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be

disclosed to anyone except as permitted under this Order;

  (h) the mediator, Judge Fred K. Morrison (Ret.), who shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

 7.3 Information produced pursuant to this Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media. Information produced pursuant to this Order may not be posted on any social media platform.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

 (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

 (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

 (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.2    If a Receiving Party willfully fails to comply with paragraph 9.1, or willfully makes any unauthorized disclosure of the Designating Party's Protected Material in violation of the terms of this Order, the Court shall be authorized, upon noticed motion by the Designating Party, to award appropriate monetary sanctions against the Receiving Party.

**10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, then, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the production of that matter will not be presumed to constitute a waiver of any applicable privilege or other protection, provided the Designating Party complies with this paragraph. In such circumstances, the Designating Party must immediately after discovery of the inadvertent production notify in writing all Parties of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected matter. Upon such notification, the Parties shall treat the matter as privileged or protected unless and until the Parties agree otherwise or the Court determines the matter is not privileged or protected. Within ten (10) business days of receiving such notification, all Receiving Parties shall (a) return the matter to the Designating Party; or (b) confirm in writing to the Designating Party the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal matter claimed to be privileged or protected, or (c) notify the

Designating Party in writing of the basis for its disagreement that such matter is privileged or protected from disclosure. In the latter event only, the Receiving Party may retain one copy of the matter asserted to be privileged for the sole purpose of responding to a motion by the Designating Party to deem the matter privileged or protected from disclosure. Should the Parties be unable to agree on whether the matter is privileged or protected, the Designating Party shall file a motion with the Court within twenty-one (21) days of its receipt of the Receiving Party's notice of disagreement under (c) above, to deem the matter privileged or protected and to obtain the return of any copy of such matter still held by the Receiving Party.

**11.   FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT**

The Parties acknowledge that discovery in this case will involve the request and potential disclosure of third party education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C § 1232g ("FERPA").  The Act generally prohibits disclosure of such records except under limited circumstances.  The privacy protected under FERPA is that of the student.  The Act permits disclosure of education records to comply with a court order or valid subpoena if the student is provided notice and an opportunity to seek protective action. *See* 34 C.F.R. § 99.31(a)(9).  Therefore, unless otherwise ordered by the Court, Defendant is obligated to make a reasonable effort to notify the student of any request for a disclosure (either by a disclosure order or a subpoena) of such records in advance of production to afford the student the opportunity to seek protective action. *Id*.

11.1   The Investigation Report.  The Parties acknowledge that a report concerning the results of the Defendant's investigation regarding Plaintiff's allegations is relevant to this suit ("Investigation Report").  The Parties also acknowledge that substantial portions of the Investigation Report constitute protected education records within the meaning of FERPA.  The Parties agree to the following:

11.1.1 Upon the return of this Order signed by the Court, the Defendant shall send the "Notice of Disclosure of Student Records" and "Objection to Disclosure of Student Information and Records" attached hereto as Exhibit B to the affected students.

11.1.2 The affected students will be instructed to return the "Objection to

{Joint Stipulated Protective Order.1}    11

STIPULATION FOR AND [PROPOSED] PROTECTIVE ORDER

Disclosure of Student Information and Records" form to the Defendant within twenty days of mailing.

   11.1.3 Should any of the affected students object to the disclosure of the portions of the Investigation Report constituting protected education records, the Defendant shall redact those portions of the Investigation Report. Plaintiff shall be permitted to move the Court for an order compelling production of the unredacted Investigation Report. All portions of the Investigation Report not subject to student objection shall be produced on or before November 18, 2016.

  11.2 Other Education Records.  Should any affected student elect not to return the "Objection to Disclosure of Student Information and Records" form to the Defendant within the twenty-day deadline, the failure to respond will constitute a waiver of the right to object to the disclosure of all education records disclosed in this action.

   11.2.1 As part of the "Objection to Disclosure of Student Information and Records" form, a student may elect to receive notice each time a student record is requested. Should a student select this option, the Defendant shall send a notice describing the records sought within seven (7) days of receiving the discovery request or subpoena.  The Defendant shall then wait fourteen (14) days for the student to object or seek protective action prior to disclosing the record.

  11.3 The Investigation Report and each and every other education record disclosed shall, at all times, be designated and treated as "CONFIDENTIAL" under this Order, regardless of whether a student has objected to disclosure.

  11.4 By complying with the procedures contained in this Order, Defendant is deemed to have met its obligation to protect the unauthorized disclosure of educational records under FERPA.

**12. MISCELLANEOUS**

  12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

  12.2 Right to Assert Other Objections. By stipulating to the entry of this Order no Party

waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

        12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. If a Party plans to make a filing that includes material the Designating Party has identified as "CONFIDENTIAL" and potentially subject to sealing, the filing Party shall provide the opposing Party with notice to allow for the seeking of an order of sealing from the court and shall file in the public record only redacted versions of such material that omits the CONFIDENTIAL information until such time as (1) the Designating Party removes the "CONFIDENTIALITY" designation or states that it does not intend to seek an order sealing the material or (2) the Court denies the motion to seal.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to

/ / /

this Order as set forth in Section 4.

DATED: October 24, 2016          GUTRIDE SAFIER LLP


By: /s/ Adam J. Gutride (as authorized on 10/24/16)
ADAM J. GUTRIDE
Attorney for Plaintiff
Katherine Earley

DATED: October 24, 2016          DELFINO MADDEN O'MALLEY COYLE & KOEWLER LLP


By: /s/ JENNIFER RANDLETT MADDEN
JENNIFER RANDLETT MADDEN
Attorney for Defendant
University of the Pacific

**IT IS SO ORDERED.**

DATED: November 3, 2016.

HONORABLE EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

{Joint Stipulated Protective Order.1}          14

STIPULATION FOR AND [~~PROPOSED~~] PROTECTIVE ORDER

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of Katherine *Earley v. University of the Pacific,* CASE NO.: 2:16-CV-01573-TLN-EFB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions, financial consequences and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED: _____        _____

_____
PRINT NAME

# EXHIBIT B

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KATHERINE EARLEY,** | **CASE NO.: 2:16-CV-01573-TLN-EFB** |
| **Plaintiff,** | **Judge: Troy L. Nunley** |
| v. | |
| **UNIVERSITY OF THE PACIFIC,** | |
| **Defendant.** | |

## NOTICE OF DISCLOSURE OF STUDENT RECORDS

You are receiving this notice pursuant to a Court order, under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b) and 34 C.F.R. §99.31(a)(9)(ii). Plaintiff in the above-captioned lawsuit has asked to view certain documents that pertain to you. FERPA permits the disclosure of these records to comply with a Court order.

## NATURE OF THE LAWSUIT

Plaintiff, a former University of the Pacific student, alleges that University of the Pacific violated Title IX and the Unruh Civil Rights Act by failing to take proper action in response to her complaint of sex discrimination. Plaintiff alleges misconduct by Josh Ramsey, Marlin Bates, Jeff Toney, and others. The University denies the allegations.

## RECORDS SOUGHT

Plaintiff has asked for a copy of an investigation report drafted by Teresa A. Levenfeld and documents related to the investigation. She also has asked for copies of other documents that relate to her allegations or to similar complaints by other students. These documents may include your name, your witness statement, documents you provided to the investigator, or other communications about the allegations in the lawsuit.

## THE COURT'S ORDERS

On _____, 2016, the Court issued a Protective Order. The Protective Order dictates

that all confidential information acquired in the lawsuit, including student records, can be viewed only by the parties, their attorneys and consultants, a mediator, and the Court.  Such confidential information may not be used outside the context of this lawsuit, and the parties are required to return or destroy the confidential records when the lawsuit is over. The Parties are also prohibited from filing confidential information in the public Court file, but must instead seek an order from the Court to file such information under seal.

### CONSENT AND OPPORTUNITY TO OBJECT

**If you object** to the disclosure of the information under the terms described above, you must complete the attached "Objection to Disclosure of Student Information and Records" and return it to the attorneys for University of the Pacific before November __, 2016.  Please send it to:

>Delfino Madden O'Malley Coyle and Koewler
>
>Attn: Jennifer Madden
>
>500 Capitol Mall, Suite 1550
>
>Sacramento, CA 95814

If you agree to the disclosure of your information under the terms described above, you do not need to do anything. Failure to submit an Objection Form will be deemed a waiver of your right to object to the disclosure of your protected personal information and records as described above.

# OBJECTION TO DISCLOSURE OF STUDENT INFORMATION AND RECORDS

I am an adult student or former student who is eighteen (18) years of age or older. I object to University of Pacific's disclosure of protected personal information contained in my education records in the lawsuit entitled *Katherine Earley v. The University of the Pacific*, USDC-Eastern District of California, Case No. 2:16-CV-01573-TLN-EFB as follows:

☐ I do not object to the disclosure of my personal information contained in the Investigation Report drafted by Teresa A. Levenfeld, but I hereby request that University of the Pacific provide me with notice and an opportunity to object prior to the disclosure of any other personal information.

☐ I object to the disclosure of any and all protected personal information contained in my education records in the above lawsuit.

Comments (optional):

Signature of Adult Student/Former Student: _____

Date: _____

This form must be sent via mail or other delivery service to:

    Delfino Madden O'Malley Coyle and Koewler

    Attn: Jennifer Madden

    500 Capitol Mall, Suite 1550

    Sacramento, CA 95814

**The form must be received no later than November _, 2016.**

{Joint Stipulated Protective Order.1}

[~~PROPOSED~~] JOINT STIPULATED PROTECTIVE ORDER